# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DISABLE RIGHTS TENNESSEE,<br><br>Plaintiff,<br><br>v.<br><br>MIDDLE TENNESSEE DETENTION CENTER, LLC; JASON CREWS, in his capacity as the Executive Director of Middle Tennessee Detention Center; HOLLIS RESIDENTIAL TREATMENT CENTER; and WAYNE HALFWAY HOUSE, INC.<br><br>Defendants. | Case No. 1:23-cv-00086<br><br>Judge Campbell<br>Magistrate Judge Holmes |

## REPLY BRIEF IN SUPPORT OF SECOND MOTION TO DISMISS

DRT had six weeks to respond to Defendants' Second Motion to Dismiss, and after six weeks DRT has not found a single case to rebut Defendants' Spending Clause argument. Not one.

Every case DRT cites involved either (a) the relevant P&A system suing a state entity—and state entities are subject to the P&A Acts once that state accepts federal funds—or (b) a P&A system suing a private entity in states that have enacted an enabling statute, as apparently contemplated by the P&A Acts. What makes this case unique is that Tennessee has never passed an enabling statute to apply the P&A Acts to private parties who do not accept federal funds.[1] In

---

[1] Nor are there any executive orders or regulations in Tennessee that purport to apply the P&A Acts to private parties. The only executive branch document mentioning the P&A Acts of which Defendants are aware is a letter from Governor Alexander designating DRT's predecessor as Tennessee's P&A system. *See* ECF 45-1 at 135. But that letter is not an executive order or regulation, does not have the force of law, and does not purport to bind private parties who receive no federal funds to the P&A Acts (nor could it).

1

the absence of *any* state law subjecting Defendants to the P&A Acts, DRT cannot ask this Court to apply the P&A Acts against Defendants, who do not receive federal funds. It is that simple. The Court should dismiss this case, with prejudice.

Spending Clause legislation cannot impose direct liability on non-recipients of federal funds. *See* Defs.'s Br. in Supp. of 2d Mot. to Dismiss, ECF 56 at 10. And DRT never alleges that Defendants receive federal funds, because they do not. *Id.* at 11. Congress *can* require States to regulate private parties as a condition of receiving funds, *id.* at 12 (citing *South Dakota v. Dole*, 483 U.S. 203 (1987)), and DRT argues in its brief that Congress intended to do just that with the P&A Acts. But whatever Congress may have intended, the simple fact is that Tennessee never actually took the requisite steps to regulate private parties like Defendants. The absence of an enabling statute, as required to bind private parties in *South Dakota v. Dole*, is case dispositive.

DRT does not cite a single case—and Defendants are aware of none—in which a court held that a non-recipient of federal funds was subject to Spending Clause legislation in the absence of state law subjecting it to the federal mandate. DRT has found some cases with interesting language that, taken out of context, sounds positive for DRT's position on first reading, but none of DRT's cases are actually on point.

For example, DRT relies upon *Indiana Protection & Advocacy Services v. Indiana Family and Social Services Administration*, DRT's Br., ECF 60 at 8, but that case was against the **Indiana Family and Social Services Administration,** ***a state entity***. 603 F.3d 365, 367-68 (7th Cir. 2010) (describing the defendant as a state agency). Of course a state agency was subject to the P&A Acts once the State of Indiana received the federal funds. Likewise, DRT relies upon *Hawaii Disability Rights Center v. Cheung*, but unlike Tennessee, Hawaii *did* pass the an enabling statute. *See* 513 F. Supp.2d 1185, 1187, 1194-95 (D. Haw. 2007) (describing Hawaii's state enabling legislation,

2

which was enacted "to comply with federal law . . . in order to receive federal funds"). Moreover, *Hawaii Disability* was about standing and the lack of a private cause of action and did not address Defendants' Spending Clause argument. *Id.* at 1188, 1190-91.

The closest DRT comes to a relevant case is *Wisconsin Coalition for Advocacy, Inc. v. Czaplewski*, where Wisconsin's enabling statute allowed the P&A system to access records but was "more restrictive" than the P&A Acts. 131 F.Supp.2d 1039, 1047 (E. D. Wisc. 2001). But there, too, Wisconsin had passed an enabling statute. Moreover, the defendant did not make a Spending Clause argument, so the question at issue here was not before the court.

This is truly a case of first impression. A state enabling statute—or, at minimum, some other state law—is necessary to apply the P&A Acts to private parties who do not receive federal funds. The enabling statute is the missing link—a requirement under Spending Clause jurisprudence that is wholly absent here.[2] Neither Defendants nor DRT has found any case holding that a P&A system has the power to obtain records from a nonrecipient of federal funds in the absence of state enabling law. And in the absence of any contrary precedent, the logic of the Supreme Court's Spending Clause jurisprudence is clear—absent receiving federal funds directly or a state law to regulate them, private parties are not subject to Spending Clause legislation such as the P&A Acts. This case should be dismissed entirely, with prejudice.

If this Court does not dismiss the entire case, then it should at least dismiss parts of it for the reasons stated in Defendants' Opening Brief. First, by the plain language of the statutory texts, DRT's records authority is not limitless. Even if the P&A Acts apply to Defendants—and they do not—they still limit DRT to "records of . . . an[] individual." ECF 56 at 16. DRT is seeking much

---

[2] DRT can say all it wants that Tennessee should have passed an enabling statute. Maybe so. But it did not.

3

more than that. This Court should dismiss any claim for records beyond those explicitly pertaining to individuals that DRT has shown to have a qualifying disability.

Likewise, this Court should dismiss DRT's claims to the extent DRT has not shown a qualifying disability. Defendants contend that DRT has not met this standard for any of the youth at issue, but at a minimum DRT has certainly not met the standard for M.W., M.C., and E.H. In its response, all DRT says as to those three specific youth is that Defendants' failure to make mention of other youths on this point is an acknowledgement that the other youth qualify. ECF 60 at 22. Defendants do not admit that the other youth qualify—Defendants simply pointed out that these three in particular have no facts even arguably supporting DRT's records authority. But since DRT apparently can make no argument at all to justify its requests as to M.W., M.C., and E.H., its records requests for those three youth are indefensible and should be dismissed.

In addition, this Court should dismiss DRT's request for the records of M.C., K.S., and A.B. because DRT can only access records of a youth "who is" (i.e. present tense) "confined in a municipal detention facility." 42 U.S.C. § 10802(4)(B)(i)(III). M.C., K.S., and A.B. were no longer at MTJDC when DRT first requested records, a fact DRT does not dispute. Instead, confronted with the explicit language of the statute, DRT contends the statute "implicitly" allows records access even when a youth is not present at the facility and makes a policy argument about transferring youth between facilities to evade investigations. ECF 60 at 23.[3] In other words, DRT does not dispute the plain language of the statute. This Court should apply the plain language of the statute rather than read implicit language into it based on fanciful hypotheticals. This Court

---

[3] DRT never contends that any Defendants have ever transferred a youth to evade investigation, so this is a pure policy hypothetical with no grounding in the facts of this case.

4

Case 1:23-cv-00086   Document 64   Filed 11/05/24   Page 4 of 7 PageID #: 854

should dismiss DRT's request for M.C., K.S., and A.B.'s records since they did not reside in any of Defendants' facilities at the time the requests were made.

Finally, and at a minimum, this Court should dismiss DRT's § 1983 claim. Defendants demonstrated in their Opening Brief that § 1983 claims are improper when Congress has created "a comprehensive enforcement scheme that is incompatible with individual enforcement under § 1983." ECF 56 at 27 (quoting *Health and Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166, 186 (2023). Congress has done precisely that here by authorizing P&A systems to sue without fee-shifting and to use federal funds for their own lawsuits to obtain access to records. *Id.* at 28.

DRT does not really dispute this argument. Instead DRT notes its authority to bring suit on behalf of individuals as if that authorizes § 1983 actions like this one on DRT's own behalf. That does not logically follow. There is no federal statute that says the P&A Acts are enforceable under § 1983. And the only reference in federal law to legal expenses for P&A systems is the language in the P&A regulations permitting DRT to use *its own federal funds* to pay legal expenses. That precludes fee-shifting under § 1983.

Finally, DRT argues that "no court has held that [a] P&A has no right to pursue relief under § 1983," ECF 60 at 30, but the Seventh Circuit and District of Idaho have both observed that "[s]ection 1983 fits awkwardly" with the P&A Acts and declined to hold that P&A systems can sue under § 1983. *Indiana Prot. Advoc. Servs.*, 603 F.3d at 380; *Matter of Disability Rights Idaho*, 168 F.Supp.3d 1282, 1299, 1301 (D. Idaho 2016). This Court should do the same and dismiss DRT's § 1983 claim.

## CONCLUSION

DRT's response fails to rebut Defendants' Spending Clause argument. This Court should dismiss the Second Amended Complaint in whole or, alternatively, in part.

DATED: November 5, 2024		Respectfully submitted,

	*/s/ Eric G. Osborne*
	Eric G. Osborne (No. 29719)
	Christopher C. Sabis (No. 30032)
	Mark Alexander Carver (No. 36754)
	Brettson J. Bauer (No. 39289)
	SHERRARD ROE VOIGT & HARBISON, PLC
	1600 West End Avenue, Suite 1750
	Nashville, TN 37203
	Tel. (615) 742-4200 | Fax. (615) 742-4539
	eosborne@srvhlaw.com
	csabis@srvhlaw.com
	acarver@srvhlaw.com
	bbauer@srvhlaw.com

	*Attorneys for Middle Tennessee Detention Center, LLC, Wayne Halfway House, Inc., and Hollis Residential Treatment Center*

	*/s/ Matthew W. Sexton*
	Matthew W. Sexton (No. 27526)
	P.O. Box 1085
	Morristown, Tennessee 37816
	Tel. (423) 736-0330
	msexton@waynehalfway.com

	*Attorney for Jason Crews*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon the following on November 5, 2024, via the Court's CM/ECF filing system:

    Jack W. Derryberry , Jr.
    jackd@disabilityrightstn.org
    Jeremiah Dan Jones
    jeremiahj@disabilityrightstn.org
    Disability Rights Tennessee
    2 International Plaza, Suite 825
    Nashville, Tennessee 37217

    *Attorneys for Disability Rights Tennessee*

DATED: November 5, 2024

                                      */s/ Eric G. Osborne*
                                      Eric G. Osborne

7

Case 1:23-cv-00086   Document 64   Filed 11/05/24   Page 7 of 7 PageID #: 857